

**One Riverfront Plaza**
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

November 9, 2018

**VIA ECF AND FIRST-CLASS MAIL**     **CONFIDENTIAL FILED UNDER SEAL**

Honorable Karen M. Williams, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Bldg. and U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

  Re: *FastShip, LLC et al. v. Lockheed Martin Corporation, et al.*
     Civil Action No. 17-cv-02919 (NLH) (KMW)

Dear Judge Williams:

  This firm, along with Venable LLP, represents Defendant Gibbs & Cox, Inc. ("G&C") in the above-referenced matter. We write jointly on behalf of G&C and Defendant Lockheed Martin Corporation to address Plaintiffs' baseless insinuation in their November 1, 2018 letter that Defendants violated ethical rules by identifying FASTSHIP_00006930-32, FASTSHIP_00103725-29, and FASTSHIP_137499-500 as evidence of Plaintiffs' privilege waiver. D.I. 111 at 6 n.3.

  ***After*** Defendants filed their October 29, 2018 letter (D.I. 109) explaining that Plaintiffs waived privilege by, among other things, voluntarily disclosing FASTSHIP_00006930-32, FASTSHIP_00103725-29, and FASTSHIP_137499-500, Plaintiffs contended for the first time that they inadvertently produced those documents in this case. Yet Plaintiffs fail to mention that Plaintiff FastShip LLC had produced all three documents years ago in its patent litigation against the U.S. Navy, thereby waiving any privilege that could have attached to the documents. And FastShip LLC never attempted to claw the documents back from the U.S. Navy. FastShip LLC did not even serve a privilege log in the patent litigation. Moreover, Plaintiffs' predecessor, FastShip Inc., disclosed at least FASTSHIP_00006930-32 to its ▬▬▬. *See* D.I. 109, Ex. I at FASTSHIP_00006760 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).

  Three separate disclosures to third-parties is not inadvertent but rather a deliberate waiver of privilege.[1] *Ciba-Geigy Corp. v. Sandoz Ltd.*, 916 F. Supp. 404, 412-13 (D.N.J. 1995) (two separate disclosures of privileged document waived privilege); *see also F.D.I.C. v. Marine Midland Realty Credit Corp.*, 138 F.R.D. 479, 480, 483 (E.D. Va. 1991) (production of privileged document on multiple occasions waived privilege: "the Court finds that it would not be fair to

---

[1] Plaintiffs also incorrectly assert that the documents are "unrelated" to their current claims. D.I. 111 at 6 n.3. The documents are relevant to Plaintiffs claims, and to their waiver of privilege, for the reasons set forth in Defendants' October 29 letter. *See* D.I. 109 at 6.

Honorable Karen M. Williams, U.S.M.J.
November 9, 2018
Page 2

reward [the producing party's] carelessness with a protective order."); *Relion, Inc. v. Hydra Fuel Cell Corp.*, No. CV06-607-HU, 2008 U.S. Dist. LEXIS 98400, at *6-*9 (D. Or. Dec. 4, 2008) (finding waiver where party had multiple opportunities to review the privileged document); *Eden Isle Marina Inc. v. U.S.*, 89 Fed. Cl. 480, 510, 512, 515, 517, 519 (Fed. Cl. 2009) (finding waiver based on "Defendants' disregard for the protection of the privileged messages"; "[b]ecause defendant disclosed this document to plaintiff more than once, and via more than one mechanism, the court concludes that defendant's disclosure was so careless that it cannot be construed as inadvertent."); *Fidelity and Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 521-23 (E.D. Pa. 1996) (finding waiver where party twice failed to prevent inadvertent disclosure); *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-cv-02082-APG-CWH, 2013 U.S. Dist. LEXIS 135750, at *6-*8, *15-*16, *46-*55 (D. Nev. Sep. 23, 2013) (finding privilege waived for certain documents and concluding the "ethics issue raised in the briefing was largely a sideshow").

Defendants have agreed not to make further use of the three documents, except as required to resolve the waiver dispute, while the dispute is pending. Defendants will reserve their remaining arguments in response to Plaintiffs' letter, should the Court desire to hear them, for the November 14 teleconference.

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh
Christopher M. Hemrick
Colleen M. Maker
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
Phone: (973) 757-1100

Pasquale A. Razzano (*pro hac vice*)
Douglas Sharrott
Josh Calabro (*pro hac vice*)
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

*Counsel for Defendant, Gibbs & Cox Inc.*

cc: All Counsel of Record (via ECF and Email)