| | |
|---|---|
| Liza M. Walsh | Mark Lichtenstein |
| Christopher M. Hemrick | CROWELL & MORING LLP |
| WALSH PIZZI O'REILLY | 590 Madison Ave., 20th Floor |
| FALANGA LLP | New York, NY 10022 |
| One Riverfront Plaza | Phone: (212) 223-4000 |
| 1037 Raymond Boulevard, Suite 600 | |
| Newark, NJ 07102 | |
| Phone: (973) 757-1100 | |
| | |
| Pasquale A. Razzano (*pro hac vice*) | Michael J. Songer (*pro hac vice*) |
| Douglas Sharrott | Astor H.L. Heaven (*pro hac vice*) |
| Josh Calabro (*pro hac vice*) | CROWELL & MORING LLP |
| VENABLE LLP | 1001 Pennsylvania Avenue, N.W. |
| 1290 Avenue of the Americas | Washington, DC 20004 |
| New York, NY 10104 | Phone: (202) 624-2500 |
| Phone: (212) 218-2100 | |

*Counsel for Defendant*  *Counsel for Defendant*
*Gibbs & Cox Inc.*  *Lockheed Martin Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FASTSHIP, LLC, and THE LIQUIDATING TRUST OF FASTSHIP INC., ET AL., | Civil Action No. 17-cv-02919 (NLH)(KMW) |
| PLAINTIFFS, | **FILED UNDER SEAL** |
| v. | **REPLY BRIEF IN SUPPORT OF DEFENDANTS' APPEAL OF ORDER OF MAGISTRATE JUDGE, PURSUANT TO FED. R. CIV. P. 72 AND L. CIV. R. 72.1(c)** |
| LOCKHEED MARTIN CORPORATION, and GIBBS & COX, INC., | |
| DEFENDANTS. | *Filed Electronically* |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Introduction............................................................................................................1 | |
| II. | Plaintiffs Do Not Dispute that their Case Law Supports Defendants' Argument that Plaintiffs Implicitly Waived Privilege By Invocation of the Discovery Rule............................................................................................................3 | |
| III. | Plaintiffs Fail to Distinguish *Livingstone* and Misplace Reliance on *Rhone-Poulenc*......................................................................................................3 | |
| IV. | Plaintiffs' Assertions Regarding Explicit Waiver Do Not Rebut Defendants' Arguments. ........................................................................................8 | |
| V. | Plaintiffs Improperly Withheld Non-Privileged Attachments to Purportedly Privileged Communications...................................................................9 | |
| VI. | Plaintiffs' Privilege and Work Product Designations Suggest that they Committed—and Continue to Commit—Fraud on the Court...............................9 | |
| VII. | Plaintiffs Do Not Try to Carry Their Burden to Establish Work Product Protection. ..........................................................................................................10 | |
| VIII. | Plaintiffs' Standard of Review Contradicts Binding Precedent..........................11 | |
| IX. | Conclusion ........................................................................................................11 | |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ciba-Geigy Corp. v. Sandoz Ltd.*,
  916 F. Supp. 404 (D.N.J. 1995) ..................................................................................8

*Doe v. Banos*,
  966 F.Supp.2d 477 (D.N.J. 2013) ................................................................................6

*Eden Isle Marina Inc. v. U.S.*,
  89 Fed. Cl. 480 (Fed. Cl. 2009) ..................................................................................8

*Elat v. Emandopngoubene*,
  No. PWG-11-2931, 2013 U.S. Dist. LEXIS 37875 (D. Md. Mar. 18, 2013) ............4

*F.D.I.C. v. Marine Midland Realty Credit Corp.*,
  138 F.R.D. 479 (E.D. Va. 1991) .................................................................................8

*Fidelity and Deposit Co. of Maryland v. McCulloch*,
  168 F.R.D. 516 (E.D. Pa. 1996)..................................................................................8

*Ga.-Pacific Corp. v. GAF Roofing Mfg. Corp.*,
  No. 93 Civ. 5125 (RPP), 1996 U.S. Dist. LEXIS 671 (S.D.N.Y. Jan. 24, 1996) ......5

*Glenmede Trust Co. v. Thompson*,
  56 F.3d 476 (3d Cir. 1995)..........................................................................................4

*Goldwell of New Jersey, Inc. v. KPSS, Inc.*,
  622 F.Supp.2d 168 (D.N.J. Mar. 2009) ......................................................................5

*Graco, Inc. v. PMC Glob., Inc.*,
  No. 08-1304 (FLW), 2011 U.S. Dist. LEXIS 14717 (D.N.J. Feb. 14, 2011) ............7

*In re Grand Jury Subpoena Issued to Galasso*,
  913 A.2d 78 (N.J. Super. Ct. App. Div. 2006)...........................................................5

*Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*,
  No. 2:11-cv-02082-APG-CWH,
  2013 U.S. Dist. LEXIS 135750 (D. Nev. Sep. 23, 2013) ...........................................8

*Haines v. Liggett Group, Inc.*,
  975 F. 2d 81 (3d Cir. 1992).......................................................................................11

*Harding v. Dana Transport, Inc.*,
  914 F. Supp. 1084 (D.N.J. 1996) ................................................................................4

*Koppers Co., Inc. v. Aetna Casualty and Surety Co.*,
 847 F. Supp. 360 (W.D. Pa. 1994)......................................................................................7

*Livingstone v. North Belle Vernon Borough*,
 91 F.3d 515 (3d Cir. 1996)........................................................................................3, 4, 7

*Margulis v. Hertz Corp.*,
 No. 14-1209 (JMV), 2017 U.S. Dist. LEXIS 28311 (D.N.J. Feb. 28, 2017)............................5

*Relion, Inc. v. Hydra Fuel Cell Corp.*,
 No. CV06-607-HU, 2008 U.S. Dist. LEXIS 98400 (D. Or. Dec. 4, 2008) ...............................8

*Tetris Holding, LLC v. Xio Interactive*,
 No. 09-6115 (FLW), 2011 WL 13141049 (D.N.J. June 20, 2011)..........................................6

*Town of Newton v. Rumery*,
 480 U.S. 386 (1987).................................................................................................3

*WLIG-TV, Inc. v. Cablevision Sys. Corp.*,
 879 F. Supp. 229 (E.D.N.Y. 1994) ...................................................................................7

I.      **Introduction**

Instead of focusing on the legal issues raised in Defendants' Appeal of the Magistrate Judge's ruling on a privilege dispute (D.I. 125), Plaintiffs have submitted what is essentially a summary judgment brief under the guise of an Opposition to Defendants' Appeal (D.I. 130). This is not surprising, because during the limited discovery period Plaintiffs produced documents and provided testimony that unequivocally show that they knew of the factual bases of their trade secret misappropriation/breach of contract claims no later than 2010, and that this case should have been filed no later than 2016. Rather than admit that discovery has proven fatal to their claims, Plaintiffs simply litter the evidentiary record with mischaracterized documents, six self-serving declarations, and dozens of other exhibits that are irrelevant to the current privilege waiver dispute.

Plaintiffs' own allegations are fatal to their claims. According to Plaintiffs, nearly fourteen years before they filed their complaint alleging that Lockheed Martin and Gibbs & Cox misappropriated FastShip's tank testing data, Lockheed Martin ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.I. 130 at 19; D.I. 130-1 Ex. 22 at FASTSHIP_01233562. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 130-1 Ex. 24; D.I. 130-1 Ex. 16 at 3. Notwithstanding whether the information is secret, Plaintiffs believed at that time that Lockheed Martin had received FastShip data for some purpose. As a result, they had an obligation to inquire into whether that purpose related to the LCS program. Plaintiffs admit that they did not do so. Thus, the statute of limitations bars Plaintiffs' claims. Plaintiffs also concede that their only "evidence" of misappropriation or breach of confidentiality is an unauthenticated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 130-1 Ex. 22 at

1

███████████████████████████████████████████).[1]  No witness with first-hand knowledge testified to the contrary.  Thus, Plaintiffs' claims fail on the merits.

It is transparent why Plaintiffs chose to focus their brief on irrelevant issues other than the privilege waiver issue.  As set forth in Defendants' Opening Brief, Plaintiffs are improperly asserting the attorney-client privilege to conceal documents that prove that FastShip knew of the factual basis for the present trade secret and breach of confidentiality claims as early as 2009/2010, more than six years before the present Complaint was filed.  Plaintiffs do not want to produce these documents because they know that doing so will end this case.  Thus it is no surprise that Plaintiffs have not offered to voluntarily submit the withheld documents for *in camera* review to demonstrate to the Court that they do not disprove their claims; instead, Plaintiffs have deflected, raised specious arguments, and submitted for the first time irrelevant declarations and documents that should be given no weight.

Plaintiffs' discussion of the privilege waiver dispute is less than half of their opposition brief.  Their arguments are unavailing and amount to little more than name calling.  Plaintiffs deem Defendants' arguments "radical," "wild," and "unhinged."  But beyond the rhetoric, Plaintiffs offer

---

[1] The purported cover page of the fax does not identify any Gibbs & Cox personnel.  Gibbs & Cox, as the Lockheed Martin team's Naval Architect with full responsibility for tank testing, never received, used or disclosed the information purportedly conveyed in the fax or any of FastShip's confidential information, as Plaintiffs now know after seeking and receiving premature discovery on the merits. The U.S. Navy confirmed that it too never received any FastShip confidential information.  In particular, Gibbs & Cox responded to Plaintiffs' discovery requests concerning receipt, use and disclosure of FastShip's confidential information.  Gibbs & Cox also applied all 130 of Plaintiffs' search terms, nearly all of which targeted the merits of their claim (*e.g.*, "FastShip," "tank test," "SPMH," "SSPA"), to its electronically-stored information, and produced all responsive documents.  Thus, Gibbs & Cox has no further documents it can produce.  And yet Plaintiffs do not have a single document showing that any of FastShip's purportedly confidential tank testing data was ever used or disclosed by the Lockheed Martin/Gibbs & Cox LCS team, or that any of that data was at any point in time relied upon by the U.S. Navy during the LCS program.  Accordingly, both Lockheed Martin and Gibbs & Cox will move for summary judgment on the merits at the appropriate time.

no substantive response to Defendants' arguments. They merely copy arguments verbatim from their letter to the Magistrate Judge without acknowledging, much less addressing, the flaws in those arguments that Defendants identified in their opening appeal brief.

II. **Plaintiffs Do Not Dispute that their Case Law Supports Defendants' Argument that Plaintiffs Implicitly Waived Privilege By Invocation of the Discovery Rule.**

In their letter to the Magistrate Judge, Plaintiffs string-cited cases in support of their theory that they did not implicitly waive attorney-client privilege. Defendants pointed out in their opening appeal brief, however, that four of those cases actually support Defendants' position, namely, that invoking the discovery rule in response to a statute of limitations defense, as Plaintiffs did here, implicitly places an attorney's advice at-issue and thereby waives privilege. D.I. 125 at 16-18. Plaintiffs' opposition does not mention any of those four cases. Accordingly, Plaintiffs do not dispute that those four cases **they relied on** recognized that invocation of the discovery rule implicitly waives privilege, supporting Defendants' position and refuting Plaintiffs'.

III. **Plaintiffs Fail to Distinguish *Livingstone* and Misplace Reliance on *Rhone-Poulenc*.**

Controlling Third Circuit law, *i.e.*, the 1996 *Livingstone* decision, also supports Defendants' position. Plaintiffs contend, however, that *Livingstone* is inapplicable because the Court there "noted that 'the advice of counsel is an explicit, and important, element of the voluntariness of analysis.'" D.I. 130 at 26, quoting *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996). But the Court cited as support for that "note[]" a concurrence by Justice O'Conner, which merely identified "whether the defendant was counseled" as "**one of the factors** bearing on the enforceability of [the] release-dismissal agreement." *Id.*, citing *Town of Newton v. Rumery*, 480 U.S. 386, 401 (1987) (O'Connor, J., concurring) (emphasis added). As Defendants explained in their opening appeal brief, which Plaintiffs ignore, Plaintiffs' own case law identifies the same "factor to be considered" where, as here, a plaintiff invokes equitable

3

tolling to try to circumvent the statute of limitations.  D.I. 125 at 24 ("[W]hether the party was represented by counsel prior to the statute of limitations is *a factor to be considered* in determining whether the party reasonably relied upon the alleged misrepresentation of the defendant."), quoting *Elat v. Emandopngoubene*, No. PWG-11-2931, 2013 U.S. Dist. LEXIS 37875, at *7 n.4 (D. Md. Mar. 18, 2013) (emphasis added).  Consequently, Plaintiff's assertion in *Livingstone* that she did not voluntarily enter into a release agreement is analogous to Plaintiffs' assertion here that Defendants' allegedly fraudulent conduct tolled the statute of limitations.  Both implicitly place attorneys' advice at-issue and thereby waive privilege even absent express reliance on any legal advice.  Moreover, Plaintiffs never mentioned the *Livingstone* decision in their letter to the Magistrate Judge, so under their waiver theory (D.I. 130 at 27) they should not be permitted to address that decision now.

In addition, as explained in Defendants' opening brief, *Rhone-Poulenc* does not control the outcome of the current privilege waiver dispute.  Plaintiffs concede that *Rhone-Poulenc* involved insurance claims and did not address any statute of limitations issues, but speculate that the "Third Circuit's reasoning [in *Rhone-Poulenc*] was not based on the fact that the case involved an insurance dispute."  D.I. 130 at 26.  To the contrary, Plaintiffs again ignore that the Third Circuit expressly "limited its decision in *Rhone-Poulenc* to the facts of th[at] case."  *See* Defendants' Opening Appeal Brief, D.I. 125 at 18, quoting *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1096 (D.N.J. 1996), citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) ("[O]ur holding in [*Rhone Poulenc*]—that a party does not lose the privilege to protect attorney-client communications from disclosure in discovery when his or her state of mind is placed at issue—was premised upon the unique facts of that case.").

The law of the State of New Jersey also supports Defendants' position.  While Plaintiffs

4

contend that Defendants waived the argument that New Jersey state law applies (D.I. 130 at 27), Plaintiffs ignore that Defendants relied on such law in their letter to the Magistrate Judge. D.I. 109 at 3-6, citing *In re Grand Jury Subpoena Issued to Galasso*, 913 A.2d 78, 87 (N.J. Super. Ct. App. Div. 2006) and *Margulis v. Hertz Corp.*, No. 14-1209 (JMV), 2017 U.S. Dist. LEXIS 28311, at *12 n.2 (D.N.J. Feb. 28, 2017) (applying New Jersey law). The only arguments waived at this point have been Plaintiffs', who now rely on dozens of irrelevant exhibits—including six declarations—that they failed to submit to the Magistrate Judge.

Plaintiffs also argue that Pennsylvania law applies to the extent state law controls. D.I. 130 at 28-29. But the contracts underlying the subject claims contain New Jersey and Delaware choice of law provisions.[2] None of Plaintiffs' cases addressed the effect of such a provision on the choice of law for a privilege dispute. *See Goldwell of New Jersey, Inc. v. KPSS, Inc*., 622 F.Supp.2d 168, 193 (D.N.J. Mar. 2009) ("Courts in this state give 'effect to contracting parties' private choice of law clauses' unless they conflict with New Jersey public policy.") (citation omitted); *Ga.-Pacific Corp. v. GAF Roofing Mfg. Corp.*, No. 93 Civ. 5125 (RPP), 1996 U.S. Dist. LEXIS 671, at *7 (S.D.N.Y. Jan. 24, 1996) (law chosen by contract governed privilege dispute). Moreover, Plaintiffs' blanket assertion that Pennsylvania has the most significant relationship to all of their privileged communications fails in view of their own authority's explanation that the "state which has the most significant relationship with a communication will usually be the state where the communication took place, which . . . is the state where . . . a written statement was ***received***." Restatement (Second) of Conflict of Laws § 139, cmt. (e) (emphasis added). Plaintiffs make no attempt to show, for example, that correspondence to Mr. Stout, who practiced law at offices in Arlington, Virginia and Washington, D.C., was received in Pennsylvania. Regardless, the

---

[2] Delaware law accords with New Jersey's and supports finding privilege waiver. D.I. 125 at 19.

Restatement further explains, in an excerpt Plaintiffs omit, that "[e]vidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect." *Id.*, § 139(2).[3] Cases cited by Plaintiffs adhere to this principle. *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) ("[T]he Restatement favors the admission of evidence when the law of the forum state so requires; thus, if applying Canadian law will safeguard the privilege, it is BCE's responsibility . . . to point to 'some special reason' favoring protection."). Thus, even if Plaintiffs were correct that Pennsylvania had the most significant relationship to the subject communications, and that Pennsylvania's law protected those communications as privileged, the communications could still be admissible under New Jersey law.

In any event, the choice of law dispute is another distraction. Plaintiffs try to discredit Defendants' case law that cites *Hearn* by arguing that *Rhone-Poulenc* overturned *Hearn*, but Plaintiffs ignore the four cases on which Plaintiffs themselves relied that also support finding an implied waiver where a party invokes the discovery rule. *See* Section II, above. And Plaintiffs ignore this Court's post-*Rhone-Poulenc* decisions that follow *Hearn*. *See* D.I. 125 at 19, citing, *inter alia*, *Tetris Holding, LLC v. Xio Interactive*, No. 09-6115 (FLW), 2011 WL 13141049, at *13 (D.N.J. June 20, 2011). Instead, they take issue with Defendants' citation to *Doe v. Banos*, 966 F.Supp.2d 477, 486 n.10 (D.N.J. 2013) because it did not mention *Hearn*. D.I. 130 at 29 n.11. But

---

[3] Plaintiffs also neglect to address the Restatement's comment that the "state where the communication took place will be the state of most significant relationship in situations **where there was no prior relationship between the parties to the communication**. If there was such a prior relationship between the parties, **the state of most significant relationship will be that where the relationship was centered** unless the state where the communication took place has substantial contacts with the parties and the transaction." *Id.*, cmt. e (emphasis added).

6

*Doe* cites New Jersey's *Kozlov* standard—which tracks the *Hearn* standard—as Defendants pointed out in their opening appeal brief. D.I. 125 at 19 ("New Jersey or Delaware Courts have continued to follow the *Hearn* standard . . . **or comparable state law standards**," *e.g.*, *Kozlov*) (emphasis added). Plaintiffs also focus on *Doe*'s citation to *Rhone Poulenc* in addition to *Kozlov*. D.I. 130 at 29 n.11. But that is precisely the point. The *Hearn/Kozlov* standards are not incompatible with *Rhone-Poulenc*, which merely curtailed an expansive interpretation of those standards whereby relevance alone effects a waiver. *See Graco, Inc. v. PMC Glob., Inc.*, No. 08-1304 (FLW), 2011 U.S. Dist. LEXIS 14717, at *35 (D.N.J. Feb. 14, 2011) (citing *Hearn* **and** *Rhone-Poulenc*). Cases citing *Hearn* and finding that invocation of the discovery rule waives privilege therefore remain good law. *WLIG-TV, Inc. v. Cablevision Sys. Corp.*, 879 F. Supp. 229, 235 (E.D.N.Y. 1994) (distinguishing *Rhone-Poulenc* and "garden-variety" cases in which "only the knowledge of a party is at-issue"; finding more "is at stake when a plaintiff seeks to overcome a statute of limitations bar by interjecting equitable doctrines.").

Finally, Plaintiffs assert that the "*Koppers Co., Inc. v. Aetna Casualty and Surety Co.*, 847 F. Supp. 360 (W.D. Pa. 1994), decision, which Defendants cited before the Magistrate Judge, is but one of the several indications that the case law on which Defendants rely is incompatible with governing Third Circuit law" because the Third Circuit vacated that decision. D.I. 130 at 24-25 n.9. **Plaintiffs' assertion is false. Defendants did not cite *Koppers* in their letters to the Magistrate Judge.** Instead, *Plaintiffs* relied on *Koppers* before the Magistrate Judge, and Defendants explained on appeal why *Koppers* is inapposite, namely, like *Rhone-Poulenc*, it involved insurance claims and did not address a statute of limitations defense. D.I. 125 at 18-19. The Third Circuit did not issue an opinion when vacating the district court's decision in *Koppers*, so that case—unlike *Livingstone*—provides no guidance on the Third Circuit's approach to at-issue

7

waiver after *Rhone-Poulenc.*

### IV. Plaintiffs' Assertions Regarding Explicit Waiver Do Not Rebut Defendants' Arguments.

Plaintiffs also explicitly waived privilege. They do not dispute that they produced privileged documents on multiple occasions to investors and to defendants in separate litigations, nor do they mention, much less distinguish, the six cases cited by Defendants wherein repeat disclosures to third parties constituted a deliberate waiver of privilege that did not implicate ethical concerns (D.I. 130 at 32). *See* D.I. 109 at 6; D.I. 116, citing *Ciba-Geigy Corp. v. Sandoz Ltd.*, 916 F. Supp. 404, 412-13 (D.N.J. 1995) (two separate disclosures waived privilege); *F.D.I.C. v. Marine Midland Realty Credit Corp.*, 138 F.R.D. 479, 480, 483 (E.D. Va. 1991) (production of document on multiple occasions waived privilege: "the Court finds that it would not be fair to reward [the producing party's] carelessness with a protective order."); *Relion, Inc. v. Hydra Fuel Cell Corp.*, No. CV06-607-HU, 2008 U.S. Dist. LEXIS 98400, at *6-*9 (D. Or. Dec. 4, 2008); *Eden Isle Marina Inc. v. U.S.*, 89 Fed. Cl. 480, 510, 512, 515, 517, 519 (Fed. Cl. 2009) (finding waiver based on "Defendants' disregard for the protection of the privileged messages"; "[b]ecause defendant disclosed this document to plaintiff more than once, and via more than one mechanism, the court concludes that defendant's disclosure was so careless that it cannot be construed as inadvertent."); *Fidelity and Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 521-23 (E.D. Pa. 1996); *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-cv-02082-APG-CWH, 2013 U.S. Dist. LEXIS 135750, at *6-*8, *15-*16, *46-*55 (D. Nev. Sep. 23, 2013) (concluding the "ethics issue raised in the briefing [on privilege waiver] was largely a sideshow").

Plaintiffs nevertheless argue that any explicit waiver relates only to patent litigation and does not extend to the present breach of confidentiality and misappropriation of trade secret claims. But, Plaintiffs themselves conflated those issues when they attempted to avoid the statute of

8

limitations by contending that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And they waived privilege as to that subject matter by producing on multiple occasions a c▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 109 at 6; D.I. 116. The Magistrate Judge did not address this express waiver of privilege, which is an independent basis to compel disclosure of the withheld documents.

V. **Plaintiffs Improperly Withheld Non-Privileged Attachments to Purportedly Privileged Communications.**

Plaintiffs fail to address another issue (also not addressed by the Magistrate Judge), *i.e.*, this Court's precedent requiring production of each attachment to a privileged communication that does not independently satisfy the conditions for privilege. D.I. 125 at 10-11. They make no attempt to establish that any of the 168 withheld attachments independently meets the requirements for privilege. Instead, they purport to show that they produced *five* of the 168 attachments. D.I. 130 at 34-35. Plaintiffs should be required to produce the remaining 163 attachments or to substantiate that all of those non-privileged documents have been produced. Moreover, they concede that they are withholding the documents without justification by simply quoting the same excerpts from the same authority in their letter to the Magistrate Judge (*compare* D.I. 125 at 33 n.15 *with* D.I. 111 at 6 n.4) without addressing Defendants' detailed explanation of how that authority lends no support to Plaintiffs' argument. D.I. 125 at 10-11 & n.3.

VI. **Plaintiffs' Privilege and Work Product Designations Suggest that they Committed—and Continue to Commit—Fraud on the Court.**

Plaintiffs do not and cannot dispute that by invoking the work product doctrine as a basis for withholding, *e.g.*, a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

9

███████████████████████████████████████████████

█████████████████████████████████ Those admissions contradict Plaintiffs' prior representation to the Court that they had no basis for suspecting a breach of the confidentiality agreements in 2009. Those inconsistent positions at a minimum justify an *in camera* review to determine whether Plaintiffs perpetrated a fraud on the Court. *See* D.I. 125 at 26. As noted above, Plaintiffs do not volunteer any documents for *in camera* review by the Court to prove that they are not hiding behind privilege to shield Mr. Giles's and his attorneys' knowledge of the subject claims before the statute of limitations period, and their failure to investigate them.

As a further example, Plaintiffs submitted a declaration from Mr. Giles in support of their opposition brief, which reads:



D.I. 130-1 Ex. 4 at 21 (emphasis added). █████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████ Plaintiffs have tried to claw back that version of the memo as privileged, even though the memo itself contains no indication that it is privileged, and no correspondence relating to that version of the memo appears on Plaintiffs' privilege log. Defendants have informed Plaintiffs that they will challenge that privilege designation once Plaintiffs serve a privilege log entry for it, which Plaintiffs have not done despite requesting the claw-back more than one month ago.

### VII. Plaintiffs Do Not Try to Carry Their Burden to Establish Work Product Protection.

Plaintiffs simply ignore their burden to establish work product protection, offering only a

conclusory one-sentence assertion of work product protection for nearly every document on their privilege log (D.I. 130 at 35), some of which plainly fail to meet the standard for such protection, including a publicly available journal article.  *See* D.I. 125 at 24-25.

## VIII.   Plaintiffs' Standard of Review Contradicts Binding Precedent.

Finally, Plaintiffs contend that the Magistrate Judge's ruling should be reviewed for an abuse of discretion rather than *de novo*.  D.I. 130 at 21-22.  But none of Plaintiffs' authority involved review of purely legal conclusions, as is presented here.  In any event, Plaintiffs' argument contradicts Third Circuit precedent.  *Haines v. Liggett Group, Inc.*, 975 F. 2d 81, 91 (3d Cir. 1992) ("[T]he standard of review [for a Magistrate Judge's ruling on a discovery dispute] is circumscribed: The district court is bound by the clearly erroneous rule in findings of facts; ***the phrase 'contrary to law' indicates plenary review as to matters of law***.") (emphasis added) (citation omitted).  Regardless, the Magistrate Judge's ruling constitutes an abuse of discretion for the reasons herein and in Defendants' opening appeal brief (D.I. 125).

## IX.   Conclusion

The Court should not be distracted by Plaintiffs' attempt to complicate a simple issue. Defendants contend Plaintiffs were on notice of their claims years outside the longest applicable statute of limitations period of six years.  Recognizing that weakness, Plaintiffs have invoked the discovery rule in an effort to circumvent the statute of limitations.  Despite asserting they had no knowledge of their claims until recently, however, Plaintiffs have refused to produce, under the guise of attorney-client privilege, communications that appear to state just the opposite: that FastShip and its counsel knew of, investigated and anticipated litigating these claims as early as 2009, eight years before this lawsuit was commenced.  Allowing Plaintiffs to do this is inequitable and unsupported by Third Circuit law.  To hold otherwise would sanction Plaintiffs' improper use of attorney-client privilege as both a shield and a sword.

For the foregoing reasons and the reasons in Defendants' opening appeal brief (D.I. 125), Defendants respectfully request that the Court vacate the Magistrate Judge's November 14, 2018 Order (D.I. 120) and compel Plaintiffs to produce the documents sought in Defendants' October 29, 2018 and November 9, 2018 Letters (D.I. 109 and D.I. 116), or, at a minimum, compel Plaintiffs to produce those documents for *in camera* inspection to prevent a fraud on this Court.

Dated:  January 2, 2019

/s/ Liza M. Walsh
Liza M. Walsh
Christopher M. Hemrick
WALSH PIZZI O'REILLY
FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, NJ 07102
(973) 757-1100

Pasquale A. Razzano (*pro hac vice*)
Douglas Sharrott
Josh Calabro (*pro hac vice*)
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

*Counsel for Defendant*
*Gibbs & Cox Inc.*


/s/ Mark Lichtenstein
Mark Lichtenstein
CROWELL & MORING LLP
590 Madison Ave., 20th Floor
New York, NY 10022
(212) 223-4000

Michael J. Songer (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004

(202) 624-2500

*Counsel for Defendant*
*Lockheed Martin Corporation*