# EXHIBIT A

FASTSHIP, LLC and LIQUIDATING
TRUST OF FASTSHIP, INC.,

             Plaintiffs,

      v.

LOCKHEED MARTIN CORPORATION
and GIBBS & COX, INC.,

           Defendants.

Civil No. 17-2919 (NLH/KMW)

**OPINION**

**FILED UNDER SEAL**

**APPEARANCES**:

CHRISTOPHER JOHN LEAVELL
KLEHR HARRISON HARVEY BRANZBURG LLP
457 HADDONFIELD ROAD
SUITE 510
CHERRY HILL, NJ 08002

RAYMOND HOWARD LEMISCH
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 MARKET STREET
PHILADEPHIA, PA 19103

GREGORY M. WILLIAMS
RICHARD W. SMITH
SCOTT A. FELDER
KRYSTAL B. SWENDSBOE
WILEY REIN LLP
1776 K STREET NW
WASINGTON, DC 20006

DONALD E. STOUT
FITCH, EVEN, TABIN & FLANNERY LLP
1250 23RD STREET NW, SUITE 410
WASHINGTON, DC 20037

    *Attorneys for Plaintiffs FastShip, LLC and the Liquidating
Trust of FastShip Inc.*

MARK SIGMUND LICHTENSTEIN
CROWELL & MORING LLP
590 MADISON AVENUE
20TH FLOOR
NEW YORK, NY 10022

MICHAEL J. SONGER
ASTOR H.L. HEAVEN
CROWELL & MORING LLP
1001 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004

 *Attorneys for Defendant Lockheed Martin Corporation.*

LIZA M. WALSH
CHRISTOPHER MATTHEW HEMRICK
WALSH PIZZI O'REILLY FALANGA LLP
ONE RIVERFRONT PLAZA
1037 RAYMOND BLVD.
6TH FLOOR
NEWARK, NJ 07102

PASQUALE A. RAZZANO
DOUGLAS SHARROTT
JOSH CALABRO
VENABLE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 1014-3800

 *Attorneys for Defendant Gibbs & Cox Inc.*

**HILLMAN**, District Judge

 This case concerns breach of contract and misappropriation of trade secrets claims relating to confidential information shared by Plaintiffs FastShip, LLC and Liquidating Trust of FastShip Inc. (collectively, "FastShip") with Defendants Lockheed Martin Corporation ("LMC") and Gibbs & Cox Inc. ("G&C") when pursuing a contract with the United States Navy ("U.S. Navy").  The parties are engaged in discovery solely on the

2

statute of limitations. Presently before the Court is
Defendants' "Appeal of Magistrate Judge Pursuant to Fed. R. Civ.
P. 72 and L. Civ. R. 72.1(c)" (the "Rule 72 Motion") and two
joint motions to seal. For the reasons discussed herein, the
Court will grant in part, and deny in part, Defendants' Rule 72
Motion and will grant the joint motions to seal.

## BACKGROUND

The Court takes its facts from the parties briefing and the
procedural history of the case. Plaintiffs' filed this action
on April 28, 2017 alleging one count of misappropriation of
trade secrets and one count of breach of contract. After
several iterations of complaints and motions to dismiss, the
Court denied Defendants' Motions to Dismiss. But, the Court
noted that it was most prudent to proceed solely on the statute
of limitations question. Defendants thereafter filed their
answers and the parties proceeded with discovery focused solely
on the statute of limitations issue.

Accordingly, the statute of limitations issue has become
central to this matter at this point in the litigation. As
relevant to the issue of privilege considered here, Defendants
argue that Plaintiffs filed their claims well past the time
prescribed in the statute of limitations. Plaintiffs counter
that they did not discover the facts constituting their claims
until they received discovery from the U.S. Navy in other

litigation in 2016. Apparently, those documents revealed that Defendants disclosed confidential information to third parties. Defendants, receiving a privilege log from Plaintiffs, believe certain privileged communications from years prior may concern the claims asserted here, thus affecting Plaintiffs' discovery defense.

On October 29, 2018, Defendants alerted Magistrate Judge Karen Williams with a letter memorandum describing the documents they wanted to compel production of and the reasons they thought production was warranted. The documents relate to when Plaintiffs may have discovered that Defendants were improperly using and disclosing confidential data supplied by Plaintiffs and protected by a non-disclosure agreement. Plaintiffs responded on Halloween. Another discovery dispute, which is not relevant to this matter, also arose in early November. Judge Williams scheduled a telephonic conference for mid-November.

Judge Williams held a telephonic conference with counsel on November 14, 2018. Near the end of the conference, Judge Williams and the parties turned to the privilege issues now before this Court. The transcript reveals the following exchange:

> THE COURT: All right. Any other disputes? Any other disputes that I need to address? You have two minutes, then I've got to attend to other matters.

MR. CALABRO: Your Honor, we -- this is Mr. Calabro for Gibbs & Cox. We have a dispute concerning the plaintiff[s'] waiver of privilege, and that's our October 29th letter.

THE COURT: All right. So let me tell you what my answer is because I've read the submissions, and I don't find a waiver. I think the Third -- the Third Circuit is pretty clear on what constitutes a waiver. And on this record, by these submissions, I do not believe the waiver has occurred.

MR. CALABRO: Thank you, Your Honor.

THE COURT: You're welcome. All right.

MR. CALABRO: Your Honor, can we get a written --

THE COURT: You all have a good day. Huh? I'm sorry.

MR. CALABRO: I'm sorry, Your Honor. This is Mr. Calabro again. Can we get a written ruling on that?

THE COURT: Sure.

MR. CALABRO: Thank you.

THE COURT: Order, see transcript. No, I'm kidding. I will -- I will produce something. I will produce – it'll be short, but I will give you something written.

MR. CALABRO: Thank you, Your Honor.

THE COURT: You're welcome. Have a good day.

UNIDENTIFIED COUNSEL: Thank you, Your Honor.

(Defs.' Rule 72 Mot., Ex. I 22:16-23:16.)

Judge Williams issued the order appealed on November 15, 2018 (the "Order"). In the Order Judge Williams expanded upon her oral ruling the day before. Specifically, Judge Williams stated she had reviewed the parties' submissions, found no implicit waiver, and denied Defendants' request to order

production of the privileged communications at-issue. Although the Court will discuss the details of this Order as relevant infra, the Court notes that Judge Williams held that Plaintiffs' invocation of the discovery rule did not rely upon advice of counsel. On November 28, 2018, Defendants filed their Rule 72 Motion. The Rule 72 Motion has been fully briefed.

Upon review of the briefing, the Court determined that the parties appeared to dispute which states' substantive law should be the basis for the Court's ruling on the privilege issues. Unfortunately, the Court found that the parties had not adequately briefed the issue. On June 25, 2019, the Court ordered the parties to submit letter briefs solely on this issue. The parties have done so. Thus, the Rule 72 Motion is ripe for adjudication. The Court also notes that the parties filed joint motions to seal which will also be decided, infra.

**ANALYSIS**

### A.   Subject Matter Jurisdiction

The Court possesses subject matter jurisdiction over this case under 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### B.   Rule 72 Motion Standard

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the court

pursuant to 28 U.S.C. § 636(b)(1)(A). <u>See also</u> L. Civ. R. 72.1(a)(1). Federal Rule of Civil Procedure 72 provides litigants with a mechanism to appeal a non-dispositive ruling made by a magistrate judge. A party may file a timely appeal to a magistrate judge's order with the district judge on the case. FED. R. CIV. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The standard of review of a magistrate judge's decision depends on the nature of the motion and whether it is dispositive. A district court judge may only reverse a magistrate judge's opinion on non-dispositive matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>S. Seas Catamaran, Inc. v. M/V Leeway</u>, 120 F.R.D. 17, 21 (D.N.J. 1988) (citation omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." <u>Andrews v. Goodyear Tire & Rubber Co., Inc.</u>, 191 F.R.D. 59, 68 (D.N.J. 2000). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. <u>Gunter v. Ridgewood Energy Corp.</u>, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The party filing the notice

of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

Where the non-dipositive matter is a discovery motion, as here, a magistrate judge's decision "is entitled to great deference and is reversible only for abuse of discretion." Kresefsky v. Panasonic Communs. & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). An abuse of discretion occurs:

> when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Richards v. Johnson & Johnson, Inc., No. 05-3663, 2008 U.S. Dist. LEXIS 14131, at *5 (D.N.J. Feb. 26, 2008) (quoting Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 102, 115 (3d Cir. 1976)).[1]

### C. Defendants' Rule 72 Motion

The matter before the Court involves the confluence of attorney-client privilege and discovery in civil litigation. Multiple questions are presented to the Court on this appeal.

---

[1] The parties disagree as to which standard of review is applicable in this case. The Court finds regardless of the standard applied, the outcome will be the same.

The questions presented are as follows: (1) whether Plaintiffs explicitly waived privilege by disclosing certain communications to third-parties; (2) whether Plaintiffs implicitly waived privileged communications by asserting the discovery rule; (3) whether attachments to privileged email communications should have been produced; and (4) whether work-product protection prohibits production of certain documents and whether an in camera review is necessary.

Before addressing arguments presented by the parties as to waiver, the Court must first address an apparent choice of law dispute. The initial papers filed by the parties suggested the possibility of a conflict of the laws of Pennsylvania and New Jersey on the application of implicit waiver to this factual scenario. Because this issue was left open by the parties in their briefing, the Court decided further briefing was required to address this question fundamental to the disposition of Defendants' Rule 72 Motion. The parties engaged in supplemental motion practice.

In their supplemental briefing, the parties continue to disagree as to whether Pennsylvania or New Jersey possesses the most significant relationship with this issue and whether any exceptions to that rule may apply in this case. Even so, the issue appears to be moot. The parties agree that there is no conflict between Pennsylvania and New Jersey law. See also In

re Human Tissue Prods. Liab. Litig., 255 F.R.D. 151, 156 (D.N.J. 2008) (finding "the law as to the attorney-client privilege in New York does not differ in any material way from that in New Jersey [or] Pennsylvania" and discussing implied waiver at-length). It appears, after further briefing, that the parties do not disagree as to the content of Pennsylvania and New Jersey law, but merely whether implicit waiver may apply to this particular factual situation. In other words, both Pennsylvania and New Jersey allow implicit waiver, but the parties disagree over the interpretation of the precedent as applied to the pending dispute. As a result, instead of engaging in an extended choice-of-law analysis, the Court will examine the arguments and case law cited by both parties to determine whether Defendants' Rule 72 Motion possesses merit.

Although it decides no choice-of-law analysis is required, the Court resolves a simple choice-of-law issue for the sake of completeness. Defendants assert there was a non-disclosure agreement (the "NDA") signed between the parties ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Defendants assert under New Jersey law the parties' choice of law prevails absent violation of New Jersey's public policy. Plaintiffs argue – citing to cases in districts around the country – that this choice-of-law provision does not control.

Plaintiffs are correct. The choice-of-law provision does not control, on its own, the question of what law controls the question of privilege. The contractual provision states the NDA



The question presented – that of privilege – is not a question of contractual interpretation. Thus, by its own terms, the NDA's choice-of-law provision does not apply. Defendants' citation to 3Com Corp. v. Diamond II Holdings, Inc., is also misplaced. No. 3933-VCN, 2010 Del. Ch. LEXIS 126, at *17-24 (Del. Ch. May 31, 2010). The 3Com Corp. court did not decide that a contractual choice-of-law provision – on its own – decided the question of what law controlled the question of privilege. Id. With this analysis in mind, the Court addresses Defendants' substantive arguments.

a. Whether There Was Error or Abuse of Discretion in Deciding There Was No Explicit Waiver of Privilege

First, the Court will address the issue of explicit waiver. This issue is relatively confined, and only concerns a limited set of communications. Defendants argue some language in the relevant documents, which have been produced in this case, explicitly waived privilege concerning the statute of limitations issue in this case. Plaintiffs argue the language

is misinterpreted by Defendants and has no relation to the statute of limitations issue in this case.

Before addressing the merits, the Court notes a preliminary issue raised tangentially by Defendants. Defendants argue Judge Williams committed an abuse of discretion when she did not explicitly address the explicit waiver argument in her November 14, 2018 Order. Judge Williams stated during the hearing on these arguments:

> All right. So let me tell you what my answer is because I've read the submissions, and I don't find a waiver. I think the Third – the Third Circuit is pretty clear on what constitutes a waiver. And on this record, by these submissions, I do not believe the waiver has occurred.

(Defs.' Rule 72 Mot., Ex. I 22:22-23:1 (emphasis added).) In the Order, Judge Williams also stated that she had reviewed all submissions. (Nov. 14, 2018 Order 1.) As long as the argument was presented, there is neither error nor an abuse of discretion. As has been stated in this District:

> The fact that [a Magistrate Judge] did not explicitly address such matters in her decision does not mean that she did not consider such arguments in rendering her decision, and, in any event, did not lead to a conclusion which was clearly erroneous or contrary to law.

Siemens Fin. Servs. v. Patel, No. 09-5079 (JLL), 2010 U.S. Dist. LEXIS 79574, at *15 (citing Ashton v. AT&T Corp., No. 03-3158, 2006 U.S. Dist. LEXIS 4787, at *2-5 (D.N.J. Feb. 2, 2006)). This is not a reason for this Court to find error or an abuse of

discretion.  The Court will thus proceed to the merits of
Defendants' explicit waiver argument.

As Defendants state, explicit waiver occurs when there is a
"voluntary relinquishment of a privileged communication by a
holder of the privilege to someone not a party to the
privilege."  Margulis v. Hertz Corp., No. 14-1209 (JMV), 2017
U.S. Dist. LEXIS 28311, at *15 (D.N.J. Feb. 28, 2017) (citing In
re State Com. of Investigation Subpoena Number 5441, 544 A.2d
893 (N.J. Super. Ct. App. Div. 1998)).  It does not appear that
the parties disagree over the application of this general
proposition to this case.  Thus, the Court will consider each
statement in turn to determine whether a privileged
communication was disclosed.

First is a statement from Roland Bullard, Plaintiffs' CEO,
in an August 2009 letter (the "Bullard Letter") in which he
states ███████████████████████████████████████████
███████ to its patent claim against the U.S. Navy.  The
Bullard Letter was produced in this litigation and previous
litigation, as well as sent to third-party investors.
Defendants argue this statement discloses privileged
information.  Plaintiffs argue that not only has Judge Williams
rejected this argument twice (previously, and in the decision
presently on appeal), but the statement does not reveal
privileged legal advice.

13

The Court agrees with Plaintiffs. There has been no explicit waiver here. The Bullard Letter does not divulge any privileged legal advice. ███████████████████████ ██████████████████████████ If the Bullard Letter had stated what that approach was and actually revealed the contents of the communication, explicit waiver may be warranted. But that is not the case here. There was neither error nor an abuse of discretion in denying Defendants' explicit waiver argument as to the Bullard Letter.

Second is a statement made by David Giles, Plaintiffs' founder, in a memorandum sent to the U.S. Navy (the "Giles Memo"). In it, Giles wrote ██████████████████████ ████████████████████████████████████ ████████████████████████████████████ ███████ While the statement certainly appears to be legal in nature, it does not appear to disclose any privileged information. There is no indication from the Giles Memo or from anything stated by Defendants in their briefing that this statement came from a privileged source. There was neither error nor an abuse of discretion in denying Defendants' explicit waiver argument as to the Giles Memo.

Third, Defendants argue that three documents containing privileged communications were produced by Plaintiffs in this matter. Defendants additionally argue that these documents were

also produced previously in Plaintiffs' litigation against the U.S. Navy. Plaintiffs only argue that these documents were marked on its privilege log, were inadvertently produced in this case, and were clawed back in this case. Plaintiffs present no argument as to whether those documents were inadvertently or intentionally produced in the litigation with the U.S. Navy and why, if inadvertently produced, they were never clawed back.

In sum, it appears the parties agree that the documents do contain privileged communications. Moreover, Plaintiffs do not dispute that it disclosed these three documents in previous litigation. Finally, Plaintiffs have not demonstrated "that it undertook reasonable precautions to avoid inadvertent disclosures of privileged documents" as was its burden. Ciba-Geigy Corp. v. Sandoz Ltds., 916 F. Supp. 404, 412 (D.N.J. 1995). In the absence of those arguments, the Court must find that there has been an explicit waiver of privilege as to these three documents and that legal error or an abuse of discretion was committed in finding otherwise. Accordingly, the Court will deny Defendants' explicit waiver arguments, except in this limited respect.

b. <u>Whether There Was Error or Abuse of Discretion in Deciding There Was No Implicit Waiver of Privilege</u>

Defendants' argument concerning implicit waiver is straightforward. Defendants argue there is implicit waiver of

certain privileged communications because Plaintiffs have put those communications at-issue by asserting a discovery rule defense. Defendants assert a plethora of arguments in both their original briefing and supplemental briefing surrounding this main issue, which the Court will endeavor to address fully. But, Defendants argument can be categorized into two overall arguments on which the Court will focus. First, whether the test from Hearn v. Rhay and its progeny should have been applied and whether its application should have allowed implicit waiver. Second, in the alternative, whether the Rhone-Poulenc Rorer v. Home Indemnity Co. test, which was applied, was incorrectly applied and should in this case find implicit waiver because Plaintiffs are attempting to selectively use privileged information.

The Court will first address whether Defendants have satisfied the Hearn test. Defendants' proposed test is stated in a recent case within this District. Graco, Inc. v. PMC Global, Inc., No. 08-1304 (FLW), 2011 U.S. Dist. LEXIS 14717 (D.N.J. Feb. 14, 2011). There, the court stated that "'[c]ourts have found an implied waiver of the attorney-client and/or attorney work product privilege where a client affirmatively places otherwise privileged information at issue in the case.'" Id. at *35 (quoting In re Human Tissue Prods. Liab. Litig., 255

F.R.D. 151, 158 (D.N.J. 2008)). To determine whether there has been an "implied waiver" the court cited three prongs:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party;

> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and

> (3) application of the privilege would have denied the opposing party access to information vital to his defense.

Id. (quoting Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

The third prong requires denial of access to <u>information</u> vital to a defense. Thus, by its very wording, it would require a party to show the information is only available within privileged communications. Case law supports this conclusion, stating - to satisfy the third prong - that "the privileged information sought to be discovered is not available from any other source." Darius v. City of Boston, 741 N.E.2d 52, 59 (Mass. 2001) (citing Frontier Ref. Inc. v. Gorman-Rupp Co., 136 F.3d 695, 701-02 (10th Cir. 1998); Greater Newburyport Clamshell Alliance v. Public Serv. Co. of N.H., 838 F.2d 13, 20, 22 (1st Cit. 1988)).

Assuming the Hearn test to be applicable, Defendants have failed to show the third prong favors them, as Plaintiffs indirectly argue. Undoubtedly, the privileged information is

available from other non-privileged sources.  Without much
difficulty, the Court can imagine a number of sources that may
contain the information Defendants seek.  For example,
Defendants could have requested communications between
Plaintiffs' employees which concern Defendants' use of the
confidential data.  Conversely, Defendants could have requested
communications between Plaintiffs and the U.S. Navy on this
subject.  Defendants could have asked Plaintiffs' employees
these questions.  Defendants could have determined whether any
of this may have been public knowledge.  Finally, Defendants
could have looked at communications between their own employees
and Plaintiffs' employees to determine whether this information
may have been disclosed to Plaintiffs.  None of these sources
are privileged.  Thus, Defendants fail the Hearn test.  The
Court finds there has been no error nor an abuse of discretion
in not finding implicit waiver under this test.

     The Court will next address whether it was erroneous to
find that Defendants have not satisfied the Rhone-Poulenc Rorer
test.  Rhone-Poulenc Rorer involved a request by an insurer to
discover privileged communications between the insured and their
counsel on whether the insured knew about potential exposure to
legal claims for certain products.  Rhone-Poulenc Rorer v. Home
Indem. Co., 32 F.3d 851, 857-58.  There, the Third Circuit made
two important pronouncements.  First, the Third Circuit stated

that "[a] party does not lose the privilege to protect attorney client communications from disclosure in discovery when his or her state of mind is put in issue in the action." Id. at 864. Second, the Third Circuit found that a party could implicitly waive privilege by relying on an advice of counsel defense or otherwise selectively placing privileged information onto the record in its defense. Id. at 863.

Defendants argue here that privileged information has been selectively disclosed by Plaintiffs or affirmatively put at-issue, thus allowing Defendants access to all privileged communications on this topic. Defendants argue that the Giles Memo discloses that Giles believed Defendants had engaged in a ████████████████████████████████████████████ Plaintiffs apparently explained to Defendants that Giles is not a lawyer and that the statement refers to ████████████ ████████████████████████████████████████████ ████████████████████ Notwithstanding the fact that Defendants believe this explanation is inconsistent, Defendants claim that this memorandum was written in consultation with lawyers and that Plaintiffs statement that Giles is a non-lawyer puts the issue of what advice he may have received at-issue.

Plaintiffs argue that privilege cannot be put at-issue based solely on Defendants' interpretation of Plaintiffs' discovery response. The Court agrees, as that would take the

issue of waiver out of the hands of the holder and into the hands of its opponent. That would violate a fundamental principle of attorney-client privilege.

More importantly, privileged materials were not put at-issue as contemplated in Rhone-Poulenc Rorer, as no privileged information was divulged. In fact, Plaintiffs did just the opposite, stating that Giles' statement was his own – i.e., the statement of a non-lawyer. While Defendants may be right that Plaintiffs need not reveal the underlying communications to implicitly waive the privilege, it is clear that what Plaintiffs have revealed is not privileged nor is it based on privileged communications. Rhone-Poulenc Rorer would not counsel the Court to find implied waiver here, as only knowledge of certain facts is at-issue and there has been no selective disclosure of privilege. There is neither error nor abuse of discretion in not finding implicit waiver here.

Defendants argue, in the alternative, that even if Hearn and Rhone-Poulenc Rorer would not allow implicit waiver, a third case, Livingstone, should. Livingstone is not analogous to this set of facts and does not counsel that implicit waiver should be found here. Livingstone concerned an assertion by the plaintiffs that they did not know that the signing of a release would waive damage claims. Livingstone v. N. Belle Vernon Bor., 91 F.3d 515, 537 (3d Cir. 1996). Since the plaintiffs were

represented at the time of the signing of the release and were advised by counsel, an advice of counsel defense was implicitly asserted in this argument.  _Id._  This is not the case here, as Plaintiffs have not asserted they knew the facts underlying their claim but were unaware it constituted a legal claim.  In other words, Plaintiffs have not asserted that their "attorney did not give [them] accurate legal advice."  _Id._  While Plaintiffs could theoretically have made this argument, it does not appear they have.  The _Livingstone_ case is not analogous to this case and there was neither error nor an abuse of discretion in disregarding this case.

Now that the Court has concluded that neither _Hearn_, _Rhone-Poulenc Rorer_, nor _Livingstone_ would require implicit waiver in this matter, the Court will address a variety of arguments made by Defendants in their briefing and supplemental briefing which still could be considered viable in light of the Court's ruling.[2] Defendants cite a plethora of cases, which they argue are analogous to this case or counsel a different conclusion. First, the Court will address the cases Defendants believe are analogous.  Second, the Court will address the cases Defendants

---

[2] The Court will not address, however, Defendants argument that _Rhone-Poulenc Rorer_ should be limited to its facts or whether it is actually in tension with _Hearn_.  Because the Court finds that under either _Hearn_ or _Rhone-Poulenc Rorer_ Defendants have failed to show error or an abuse of discretion, the issue of whether that particular case is so limited is moot.

believe are favorable to their overall arguments. Third, the Court will address Defendants argument that fairness necessitates waiver here. Fourth and finally, the Court will address Defendants argument Plaintiffs have asserted fraudulent concealment by Defendants of the facts forming the basis for their claims, which should allow implicit waiver here.

Defendants argue that courts not within New Jersey, Pennsylvania, or even this Circuit or District, have allowed implicit waiver when the discovery rule was invoked by a plaintiff. Plaintiffs argue the decisions cited are not controlling on this Court and should be ignored. For that reason alone, the Court finds that these cases cannot show error or an abuse of discretion. But, for the sake of completeness, the Court will examine the cases cited on their merits.

The case of Lama v. Preskill is distinguishable because the plaintiff put at issue a meeting her husband had with an attorney about a potential claim against the defendant shortly after the surgery constituting the basis for her claims. 818 N.E.2d 443, 448-50 (Ill. App. Ct. 2004). Plaintiffs have not put at issue a similar meeting with counsel.

The case of Landmark Screens, Ltd. Liab. Co. v. Morgan, Lewis & Bockius Ltd. Liab. P'ship is also clearly distinguishable: a client was suing its former counsel over their failure to disclose a notice from the United States Patent

and Trademark Office. No. C08-2581 JF (HRL), 2009 U.S. Dist. LEXIS 102579, at *1-2 (N.D. Cal. Oct. 21, 2009). A suit by a client against its attorney is the quintessential situation in which privilege may be waived. Here, Plaintiffs are not former clients of Defendants.

The case of Outpost Solar, LLC v. Henry, Henry & Underwood, P.C. is distinguishable because it contained a legal malpractice claim and the assertion of privilege only followed in response to the defendant's assertion that the statute of limitations had run. No. M2016-00297-COA-R9-CV, 2017 Tenn. App. LEXIS 841, at *21=24 (Tenn. Ct. App. Dec. 29, 2017). There is no legal malpractice claim here. Finally, the case of WLIG-TV, Inc. v. Cablevision Sys. Corp. is distinguishable because it involves a fraudulent concealment defense. 879 F. Supp. 229, 233-35 (E.D.N.Y. 1994). As addressed infra, that is not the case here.

Defendants also rely heavily on In re Human Tissue Prods. Liab. Litig., 255 F.R.D. 151 (D.N.J. 2008) in their supplemental briefing. Putting aside Plaintiffs' argument that the case is not controlling because it interpreted New York rather than New Jersey or Pennsylvania law, the Court will examine In re Human Tissue Prods. Liab. Litig. on its merits. It is distinguishable. The case involved two, alternative holdings. The first was that implicit waiver applied to the privileged documents requiring their disclosure. Id. at 159-61. The

23

second was that the communications were business advice, not legal advice. Id. at 161-62. It appears, although the implicit wavier argument was decided first, that the motivation for the court's decision in the case was that the communications were not privileged, as they contained no legal research or analysis and could have been constructed by a non-lawyer. Id.; see also Berardino v. Prestige Mgmt. Servs., 2017 U.S. Dist. LEXIS 409, at *15 (D.N.J. Mar. 21, 2017) (holding the same)). Accordingly, the Court finds the decision in In re Human Tissue Prods. Liab. Litig. to be distinguishable as the communications there were not privileged.

Defendants also discuss cases cited by Plaintiffs. Defendants offer quotes and arguments from these cases appearing to support implicit waiver. These cases are not from New Jersey, Pennsylvania, this Circuit, or this District. Again, for that reason alone, the Court cannot find there has been error or an abuse of discretion. However, as before, the Court will examine Defendants arguments on the merits.

Defendants argue that a particular quote from Elat v. Emandopngoubene supports implicit waiver here. No. PWG-11-2931, 2013 U.S. Dist. LEXIS 37875 (D. Md. Mar. 18, 2013). But, the quote supplied by Defendants is in dicta and need not be considered. Id. at *25 n.4.

Defendants argue Darius v. City of Boston supports their argument that implicit waiver applies when a plaintiff asserts the discovery rule. 741 N.E.2d 52 (Mass. Sup. Ct. 2001). There, Defendants argue, the Darius court found that communications with counsel prior to January 15, 1996 were discoverable while communications past that date were not. (Defs.' Rule 72 Mot. 16.) That was not the case. The court there explicitly held that the mere invocation of the discovery rule did not allow the defendants to "automatically probe the plaintiff's attorney-client relationship simply to determine whether the plaintiff may have revealed something to his or her attorneys that might be helpful to the defendant's case." Id. at 58. The Court only referenced that date because it appears that the attorney in question was consulted on that date, and there had been no requests for privileged information prior to it. Id. at 57 n.8. In short, Darius does not stand for the proposition argued by Defendants.

Defendants argue the Seamen v. Sedgwick LLP matter would have allowed the discovery that they are seeking in this matter. No. 11-0664, 2014 U.S. Dist. LEXIS 104098 (C.D. Cal. July 28, 2014). Whether that is the case is not apparent from the passages cited. Moreover, the requested discovery was denied in that matter because it was deemed overbroad. Id. at *10-11.

Thus, the holding in that opinion does not support Defendants' argument.

Finally, Defendants cite to the case of McCarthy v. Slade Assocs., Inc., arguing that it holds implicit waiver may occur when the discovery rule is invoked. The case does, as Defendants point out, recognize that implicit waiver may be acceptable in certain circumstances. McCarthy, 972 N.E.2d 1037, 1047 n.24 (Mass. 2012). As discussed infra, however, Defendants essentially request privileged communications to test the credibility of Plaintiffs. This is exactly the situation where McCarthy – and Darius – would not allow discovery of privileged communications. Id. at 1047-48, 1047 n.24. Further, the McCarthy court held that even after discovery, privileged communications may still not be discoverable. Id. at 1047-48. As discussed supra, Defendants had many avenues of discovery to pursue. Merely because Defendants did not pursue, were not diligent, did not ask the right questions, or did not receive the answers they wished does not mean they may now uncover privileged information.

Third, Defendants argue it would be unfair to uphold that there was no waiver. Defendants assert that the privilege log contains 139 entries that "describe an unspecified 'potential claim against Lockheed Martin.'" (Defs.' Rule 72 Mot. 15.) Defendants believe, without presenting any particular basis to

the Court, that the documents labeled this way likely contain a discussion with counsel about the claims at issue in this case, "especially given that Plaintiffs knew by early 2008 that they could not legally bring a patent infringement claim against Lockheed Martin." (Defs.' Rule 72 Mot. 15.) Plaintiffs do not directly respond to this argument. The Court finds this argument unpersuasive. Fairness, without more, cannot be considered. Such an argument allows privilege to be decided on the bare equities of each case, essentially vitiating the certainty that is required to sustain the attorney-client relationship.

Fourth and finally, Defendants argue that Plaintiffs' allegation of fraudulent concealment would allow discovery of privileged material under Pennsylvania or New Jersey law. Accepting for the moment the assertion that Plaintiff has alleged fraudulent concealment, the Court nonetheless finds Defendants' case law inapposite. The cases cited concern a fraudulent inducement claim where the party was represented prior to entering into the contract. Amerestate Holdings, LLC v. CBRE, Inc., No. A-2416-17T3, 2018 N.J. Super. Unpub. LEXIS 2025, at *2-6, 19-21 (N.J. Super. Ct. App. Div. Sept. 4, 2018) (alleging a fraudulent inducement claim and finding implied waiver because the plaintiff relied upon advice of counsel when entering into contract); Goss v. Allstate Ins. Co., 50 Pa. D. &

C. 4th 383, 384, 387-88 (Pa. Ct. Com. Pl. 2000) (alleging

misrepresentation and justifiable reliance on statements made by

the defendant in settling a separate claim and finding implied

waiver of communications the plaintiff had with attorney before

entering into settlement agreement). Because reasonable

reliance, a necessary element, rests upon what may have been

said by counsel, privileged communications between the attorney

and the client may be discovered. Plaintiffs do not allege

fraudulent inducement here.

To sum up the Court's analysis, the Court finds Judge

Williams has correctly decided the issue of implicit waiver.

There has been no error and no abuse of discretion. Unlike the

great majority of the cases cited by Defendants, Plaintiffs have

not selectively asserted privileged communications in order to

overcome Defendants' statute of limitations defense. While an

attorney was involved in reviewing discovery in a previous

matter leading to the discovery of the claims in this matter,

the advice nor the communications of that counsel are actually

at-issue here. What is at issue, which is certainly

discoverable, is when Plaintiffs knew about the information in

the documents discovered in the previous case. That could be

determined in any number of ways, including questioning of

Plaintiffs' representative, a review of whether any of the

information was public, and a review of Defendants' own records

to determine whether that information was ever sent to Plaintiffs.

This is emphatically not a case where implicit waiver is appropriate. Defendants have not shown that this case meets either the Rhone-Poulenc Rorer or Hearn test. Defendants are essentially requesting the Court to allow it to test Plaintiffs' statements in this litigation with the statements Plaintiffs made in confidence to counsel. It is a rare case where the Court will impinge on the attorney-client privilege. It is an especially rare case where the Court will allow an opposing party to pit counsel against a client with a revelation of privileged communications. Defendants have not justified this drastic measure.

### c. Whether There Was Error or Abuse of Discretion in Deciding Attachments to Privileged Communications Need Not be Produced

Defendants argue that Plaintiffs' categorical withholding of attachments to privileged email communications was improper. Plaintiffs counter that all relevant and discoverable attachments were produced to Defendants and that any attachments that were not produced were retained because they were either privileged or irrelevant. Unfortunately, none of the parties has provided the Court with a comprehensive chart or log showing which attachments have not been produced and the reason they have not been produced. Without this level of detail, it is

impossible for this Court to determine the merits of the parties' arguments.

With that in mind, the Court proposes a simple solution. To alleviate Defendants concerns, the Court will order Plaintiffs to produce to Defendants an updated privilege log which contains a separate column denoting whether an attachment has been produced to Defendants and identifying the Bates stamp range of the attachment produced.  If any documents remain which have not been produced and are being withheld on relevance or privilege grounds, Defendants should first attempt to resolve their dispute with Plaintiffs.  Thereafter, if the parties cannot agree, Defendants may make an application to Judge Williams – mindful of the contents of this Court's Opinion and Judge Williams' previous rulings on this issue – to determine whether any additional attachments should be disclosed.

> d. Whether There Was Error or Abuse of Discretion in Deciding Certain Documents are Protected Attorney Work Product

Defendants argues that approximately 700 documents Plaintiffs assert are protected by the work-product doctrine are not actually protected, either because there has been implicit waiver or they fall under the crime-fraud doctrine.  Defendants argument concerning implicit waiver is rejected for the same reasons as discussed supra.  Defendants other argument, concerning whether the crime-fraud exception and its application

is procedurally deficient. It was not presented to Judge Williams in Defendants' October 29, 2018 letter and thus is waived. See, e.g., Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 209-12 (D.N.J. 1997) (holding that arguments not presented to a magistrate judge deciding a non-dispositive issue are waived). As a result, the Court cannot say there was error or an abuse of discretion because the issue was not set before Judge Williams for her consideration.

**D.    The Joint Motions to Seal**

On January 16, 2019, the parties filed a joint motion to seal (the "First JMTS"). The parties request the Court seals the following: (1) portions of Defendants' Rule 72 Motion, (2) Exhibits A-H to that motion, (3) portions of Plaintiffs' Opposition to the Rule 72 Motion, (4) portions of a declaration attached to that motion, and (5) portions of Defendants' reply brief.

The Court finds the parties have complied with Local Rule of Civil Procedure 5.3(c)(3). Specifically, the Court finds the documents and portions of the briefs which the parties seek to seal contain information that is either confidential business information or confidential to the U.S. Government and that injury would result to both of those interests if sealing was denied. Moreover, a less restrictive means of sealing is not available, as either the documents must be sealed in their

entirety, or, if referenced in a brief, must be redacted. The parties have already filed redacted copies of those documents which are amenable to redaction publicly on the docket. Finally, the Court notes that previous motions to seal have been granted and that this information is subject to a protective order entered by the Court of Federal Claims. There are no objections. Accordingly, in the discretion of the Court and for good cause shown, the Court will grant the First JMTS.

On August 12, 2019, the parties filed a joint motion to seal (the "Second JMTS"). The parties request the Court seals (1) portions of Defendants' Supplemental Brief, (2) Attachment A to Plaintiffs' Supplemental Brief in Opposition, (3) portions of Defendants' Supplemental Reply Brief, and (4) Exhibit 1 to Defendants' Reply Brief. As with the First JMTS, the Court finds, in its discretion, that the parties have satisfied the requirements of Local Rule 5.3(c)(3). Accordingly, the Court will grant the Second JMTS.

## CONCLUSION

For the reasons discussed herein, Defendants' Rule 72 Motion will be granted in part and denied in part. The First and Second JMTS will be granted.

An appropriate Order will be entered.

Date: __August 27, 2019__          s/ Noel L. Hillman_____
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.